Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**THE LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**
4667 MacArthur Boulevard, Suite 150
Newport Beach, CA 92660
PH: (949) 200-8755
FX: (866) 843-8308

Attorneys for Plaintiff:
JOSHUA KEAHEY, TRAVIS KEAHEY,
and JENNY KEAHEY

FILED

2012 OCT 12 PM 1:11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA KEAHEY, an individual, TRAVIS KEAHEY, an individual, and JENNY KEAHEY, an individual.<br><br>PLAINTIFF,<br><br>vs.<br><br>BERTRAND MANAGEMENT GROUP, LLC, a.k.a. BM Group, LLC, MEGAN DOE, MARGO DOE, and DOES 1 to 5,<br><br>DEFENDANTS. | Case No.: **SACV12 - 01770 CJC (ANx)**<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br>3. **INVASION OF PRIVACY**<br>4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

///

///

**COMPLAINT FOR DAMAGES**

1

# INTRODUCTION

1. Plaintiffs, JOSH KEAHEY, TRAVIS KEAHEY, and JENNY KEAHEY (hereinafter collectively referred to as Plaintiffs unless otherwise indicated) bring this action to enjoin Defendants, BERTRAND MANAGEMENT GROUP, LLC, a.k.a. BM GROUP, LLC, MEGAN DOE, and MARGO DOE (collectively referred to as "Defendants" unless otherwise indicated) from continuing with its campaign of harassment and intimidation and to recover for damages suffered by virtue of Defendants' abusive conduct in the course of collecting on a consumer debt purportedly owed by Josh.

2. Since May 2012, Defendants have embarked on an illegal campaign of debt collection abuse by:

    a. Telling Jenny that a warrant had been issued for Josh's arrest;

    b. Calling and harassing Josh and Travis' father when his father was in the late stages of terminal cancer.

    c. Making offensive telephone calls and threatening to continuing calling Jenny and Travis about the debt unless Josh paid it;

    d. Falsely claiming they were a law firm;

    e. Claiming that a lawsuit had been filed against Josh when in fact

---

**COMPLAINT FOR DAMAGES**

Bertrand had not taken any such action; and

f. Falsely representing that Bertrand was a government enforcement agency or affiliated with one.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

5. Because Defendants do business within the State of California, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

7. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

8. Plaintiff, Josh Keahey is a natural person who resides in the City of Buena Park, State of California.

---

**COMPLAINT FOR DAMAGES**

3

9. Plaintiff, Travis Keahey is a natural person who resides in the City of Buena Park, State of California.

10. Plaintiff, Jenny Keahey is a natural person who resides in the City of Buena Park, State of California.

11. Defendants are located in the City of Ontario, in the State of California.

12. Plaintiff, Josh Keahey is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly, or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff, Josh Keahey is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Josh; and he is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendants, in the ordinary course of business, regularly, on behalf of

**COMPLAINT FOR DAMAGES**

4

himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17. The true name of Megan Doe is currently unknown to Plaintiff who alleges Megan Doe was responsible in some manner for the injuries sustained by Plaintiffs as hereinafter alleged.  Plaintiffs request leave to file an amendment to this Complaint alleging the true complete name of Gail Doe when this name has been ascertained.

18. Any acts or omission of Megan Doe alleged in this Complaint were under the direct control or supervision of Defendant Bertrand Management Group, LLC, and consequently Defendant Bertrand Management Group, LLC is vicariously liable for these acts or omissions.

19. The true name of Margo Doe is currently unknown to Plaintiffs who allege Megan Doe was responsible in some manner for the injuries sustained by Plaintiffs as hereinafter alleged.  Plaintiffs requests leave to file an

**COMPLAINT FOR DAMAGES**

5

amendment to this Complaint alleging the true complete name of Gail Doe when this name has been ascertained.

20. Any acts or omission of Margo Doe alleged in this Complaint were under the direct control or supervision of Defendant Bertrand Management Group, LLC, and consequently Defendant Bertrand Management Group, LLC is vicariously liable for these acts or omissions.

## FACTUAL ALLEGATIONS

**Bertrand Contacting Jenny and Travis Regarding Josh's Debt**

21. Sometime on or before May 2012, Josh is alleged to have incurred certain financial obligations to Wells Fargo Financial Bank.

22. Plaintiffs are informed and believes, and thereon alleges, that sometime before May 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendant Bertrand for collection.

23. On or about May 2012, Defendant's representative called Jenny claiming a warrant had been issued for Josh's arrest by reason of his failure to pay the alleged debt.  In addition, the representative warned, that if Josh failed to make payment to Defendant, Jenny and Travis would be directly responsible for the debt.

---

**COMPLAINT FOR DAMAGES**

24. After concluding her call with Defendant, Jenny immediately called Travis notifying him that the police would be coming to arrest him and that he needed to immediately pay the debt otherwise Bertrand would proceed directly against her and Travis.

25. In the face of these false threats, Josh was humiliated and embarrassed that his financial affairs were being disclosed to Jenny and Travis and ashamed that they could be held personally liable for the debt.  Josh genuinely feared that these false representations were true and that a police officer would be coming to his home to arrest him.

26. During the next few days, Josh struggled with sleeping and would repeatedly get up and anxiously look outside his apartment window expecting a police officer to show up to arrest him.

27. On or about May 17, 2012, because Josh could no longer tolerate the anxiety and uncertainty of when he would be arrested, he asked a close friend if he could stay at his house for a few days.

**Bertrand Contacting Plaintiff's Father**

28. Defendants' unrelenting abusive debt collection practices were not targeted only at Josh, Travis, and Jenny.

---

**COMPLAINT FOR DAMAGES**

29. Sometime on or about May 2012, Defendants began contacting Josh and Travis' father ("Mr. Keahey) claiming to be a process server.  During this period, their father was suffering from cancer and eventually passed away on July 1, 2012.

30. Defendants falsely told Mr. Keahey that a lawsuit had been filed against Josh and that Defendants were in the process of serving Josh with the Summons and Complaint.  In reliance on these false representations, Mr. Keahey insisted on returning to work to help Josh pay off the debt.  Mr. Keahey continued to work up until the time of his death on July 1, 2012.

31. While Mr. Keahey was suffering from cancer and ultimately succumbed to the disease, Josh harbors guilt over his father's death.

32. In the weeks after Defendants' call and before his passing, Mr. Keahey grew increasingly worried and concerned over Josh financial solvency. Josh feels responsible for his father having to return to work and face the remaining part of his life distraught over Josh's finances.

**Bertrand's Communications With Josh on May 21, 2012**

33. On or about May 21, 2012, Josh called Defendants and spoke with representative, Margo Doe.

---

**COMPLAINT FOR DAMAGES**

8

34. Josh told Margo Doe that he was returning a message for him left with his sister-in-law.

35. Margo Doe responded that Bertrand is a "litigation firm" and that Josh's account had already been assigned to an attorney.  In addition, Margo Doe told Josh that a lawsuit had already been filed against him and denied that Bertrand communicated with Jenny and Mr. Keahey.  Margo Doe further explained that Betrand's policy prohibits the making of outbound calls and that the communication to Jenny was made by a process server in connection with the individual's attempt to serve Josh.

36. During this conversation, Margo Doe led Josh to incorrectly believe that Bertrand was affiliated or was operating in the capacity as a government enforcement agency, by representing that the debt was coming from the "FDCI [sic] Banking Institution." In light of Defendants' threat to have him arrested and as an unsophisticated consumer, Josh reasonably believed that Defendants were vested with regulatory powers and that paying the debt was the only way to avoid having the government continue to pursue him.

37. Margo Doe then told Josh that his failure to respond to an out-court-settlement offer made by Bertrand's attorney prompted the filing of the

---

**COMPLAINT FOR DAMAGES**

9

purported lawsuit.  In addition, Margo Doe stated that given that Bertrand had to resort to suing Josh, Josh was also responsible for a $3500 assessment fee on top of the $2400 debt alleged to be owing.

38. In continuing with this deception, Margo Doe asked Josh if he wanted to set up "servicing" given that Bertrand's process server had already made multiple unsuccessful attempts to serve Josh.

39. Confusingly, Margo Doe then proceeds to again deny that Bertrand ever called Mrs. Keahey but then oddly explains that the process server's two failed attempts at serving Josh prompted the communication to Mrs. Keahey.

40. Hoping to put the matter with Bertrand behind him, Josh asked Margo Doe if Bertrand would consider a settlement offer.  Margo Doe responded that Bertrand would be willing to waive the $3500 assessment fee in exchange for Josh agreeing to pay $1,360 to liquidate the account.  Before committing to a settlement, Josh requested that Margo Doe and/or Bertrand stop calling members of his family and that Margo Doe send him proof in writing that he owed the debt.

41. Margo Doe refused telling Josh to call Wells Fargo so he can hear it "out

**COMPLAINT FOR DAMAGES**

of the horse's mouth" who owns the debt.  Margo Doe then told Josh that

she no longer wanted to speak with him and hung up her phone.

**June 15, 2012 Voicemail from Bertrand**

42. On June 15, 2012, Defendant Megan Doe, left the following voicemail on

the cell phone for Josh's friend:

Hi, Joshua this is Megan w/ BMG Associates.  You contacted our office in
reference to trying to make some arrangement as to here...you know
settlements going inbound that was due.  Not sure you were able to receive
that information.  But however, you were supposed to be contacting me
back.

I'm not sure what we need to do if we....**send this file back out for
servicing**...we can go ahead and **contact I believe it was your brother**
that you stated you needed to try to get the funds from.  Please call me back
888-861-2647.  If we do not hear back we will assume that this is
something you choose not to resolve and we will forward.

43. In this voicemail, Defendant Megan Doe says that she would "go ahead"

and contact Josh's brother regarding the debt and maintains the ruse set in

motion by Defendant Margo Doe by falsely implying that suit had been

filed against Josh and that Bertrand had implied permission to contact

Travis.

///

///

---

**COMPLAINT FOR DAMAGES**

11

## CAUSE OF ACTIONS

**First Cause Of Action**
**(Violations Of the Fair Debt Collection Practices**
**Act 15 U.S.C. § 1692 et seq.)**

44. Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendants constitute numerous and

multiple violations of the FDCPA, including but not limited to each and

every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et

seq.

46. As a result of each and every Defendants' violations of the FDCPA,

Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. §

1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to

15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs

pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**Second Cause Of Action**
**(Violation Of The Rosenthal Fair Debt Collection**
**Practices Act §§ 1788-1788.32)**

47. Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully stated herein.

---

**COMPLAINT FOR DAMAGES**

48. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

49. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

## Third Cause Of Action
### (Invasion Of Privacy Intrusion Into Private Affairs)

50. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Beginning on or about May 2012, Defendants have intentionally intruded on Josh's privacy by calling members of his family, threatening to issue an arrest warrant for his arrest, and deceiving him into thinking that Bertrand had filed a lawsuit against him.

52. Beginning on or about May 2012, Defendants have intentionally intruded on Travis and Jenny's privacy by calling them and threatening to pursue

**COMPLAINT FOR DAMAGES**

13

them for Josh's debt.

53. Defendants' conduct would be highly offensive to a reasonable person because such a person would be offended at having their financial affairs publicized to third-parties and be targeted with these false threats.

54. Plaintiffs were harmed and Defendants' conduct was a substantial factor in causing Plaintiffs this harm.

## Fourth Cause Of Action
### (Intentional Infliction Of Emotional Distress)

55. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendants' conduct was extreme and outrageous as evidence by these facts:

a. Defendants illegally revealed Josh's personal financial information to his father, his sister-in-law, and brother;

b. Defendants falsely told Plaintiff's sister-in-law that a warrant had been issued for his arrest;

c. Defendants terrorized Jenny and Travis by falsely telling them that they were legally responsible for Josh's debt;

**COMPLAINT FOR DAMAGES**

14

d. Defendants deceived Josh into believing that suit had been filed against him when no such action had been carried out; and

e. Defendants deceived Josh into believing that he was legally responsible for an assessment fee because Defendants had to resort to filing suit against him to collect on the purported debt.

f. Defendants deceived Josh into believing that they were a government enforcement agency or affiliated with one when they told him that the debt was coming from the "FDCI" [sic] Banking Institution."

57. Given Plaintiffs' unfamiliarity with the law, Plaintiffs were particularly vulnerable to suffering emotional distress.  Plaintiffs' susceptibility to suffering emotional distress is especially true in light of Plaintiffs' belief that Defendants' had apparent regulatory authority to collect the debt.

58. Defendants' conduct was intentional, as evidenced, by these false and misleading statements, which served no other purpose than to induce Josh, Travis, and Jenny into paying the debt.

59. These tactics were successful as demonstrated by:

a. Josh panicking and contacting Travis to borrow the necessary funds to pay Bertrand;

---

**COMPLAINT FOR DAMAGES**

15

b. Josh's attempts to work out a payment arrangement between him and Defendants in order to avoid being arrested and being involved in a lawsuit;

c. Jenny and Travis incorrectly believing that Defendants' could pursue them personally unless Josh paid the debt;

60. As a result of Defendants' conduct, Plaintiffs suffered paranoia, depression, worry, fear, and anxiety, and emotional distress.

61. Because Defendants acted with oppression, fraud, malice, and with an intent to harm Plaintiffs, Plaintiffs are entitled to punitive damages in an amount according to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

a. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendants;

c. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**COMPLAINT FOR DAMAGES**

16

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

a.  An award of actual damages pursuant to California Civil Code §
    1788.30(a);

b.  An award of statutory damages of $1,000.00, pursuant to California
    Civil Code § 1788.30(b), from Defendants;

c.  An award of costs of litigation and reasonable attorney's fees, pursuant
    to California Civil Code § 1788.30(c), from Defendants.

## INVASION OF PRIVACY

a.  An award of compensatory damages in an amount to be adduced at trial;

b.  An award of emotional distress damages;

c.  An award of punitive damages.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

a.  An award of compensatory damages in an amount to be adduced at trial;

b.  An award of punitive damages.

## OTHER RELIEF

Any and all further relief that the Court deems just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United

## COMPLAINT FOR DAMAGES

17

States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 10/12/2012

**LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION**

By: _____

Joseph R. Manning, Jr., Esq., Attorney for
Plaintiffs Joshua Keahey, Travis Keahey,
and Jenny Keahey

---

**COMPLAINT FOR DAMAGES**

18

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOSHUA KEAHEY, an individual, TRAVIS KEAHEY, an individual, and JENNY KEAHEY, an individual.

**DEFENDANTS**
BERTRAND MANAGEMENT GROUP, LLC, a.k.a. BM Group, LLC, MEGAN DOE, MARGO DOE, and DOES 1 to 5

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Joseph R. Manning, Jr., (SBN 223381)
The Law Offices of Joseph R. Manning, Jr., APC
2010 Main Street, Suite 1080, Irvine, CA 92614

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** to be proven at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Defendants failed to make meaningful disclosures when leaving telephone messages on Plaintiff's telephone in violation of the FDCPA and RFDCPA

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES: ☐ 400 State Reapportionment, ☐ 410 Antitrust, ☐ 430 Banks and Banking, ☐ 450 Commerce/ICC Rates/etc., ☐ 460 Deportation, ☐ 470 Racketeer Influenced and Corrupt Organizations, ☒ 480 Consumer Credit, ☐ 490 Cable/Sat TV, ☐ 810 Selective Service, ☐ 850 Securities/Commodities/Exchange, ☐ 875 Customer Challenge 12 USC 3410, ☐ 890 Other Statutory Actions, ☐ 891 Agricultural Act, ☐ 892 Economic Stabilization Act, ☐ 893 Environmental Matters, ☐ 894 Energy Allocation Act, ☐ 895 Freedom of Info. Act, ☐ 900 Appeal of Fee Determination Under Equal Access to Justice, ☐ 950 Constitutionality of State Statutes

CONTRACT: ☐ 110 Insurance, ☐ 120 Marine, ☐ 130 Miller Act, ☐ 140 Negotiable Instrument, ☐ 150 Recovery of Overpayment & Enforcement of Judgment, ☐ 151 Medicare Act, ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans), ☐ 153 Recovery of Overpayment of Veteran's Benefits, ☐ 160 Stockholders' Suits, ☐ 190 Other Contract, ☐ 195 Contract Product Liability, ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation, ☐ 220 Foreclosure, ☐ 230 Rent Lease & Ejectment, ☐ 240 Torts to Land, ☐ 245 Tort Product Liability, ☐ 290 All Other Real Property

TORTS PERSONAL INJURY: ☐ 310 Airplane, ☐ 315 Airplane Product Liability, ☐ 320 Assault, Libel & Slander, ☐ 330 Fed. Employers' Liability, ☐ 340 Marine, ☐ 345 Marine Product Liability, ☐ 350 Motor Vehicle, ☐ 355 Motor Vehicle Product Liability, ☐ 360 Other Personal Injury, ☐ 362 Personal Injury-Med Malpractice, ☐ 365 Personal Injury-Product Liability, ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION: ☐ 462 Naturalization Application, ☐ 463 Habeas Corpus-Alien Detainee, ☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY: ☐ 370 Other Fraud, ☐ 371 Truth in Lending, ☐ 380 Other Personal Property Damage, ☐ 385 Property Damage Product Liability

BANKRUPTCY: ☐ 422 Appeal 28 USC 158, ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS: ☐ 441 Voting, ☐ 442 Employment, ☐ 443 Housing/Accommodations, ☐ 444 Welfare, ☐ 445 American with Disabilities - Employment, ☐ 446 American with Disabilities - Other, ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence Habeas Corpus, ☐ 530 General, ☐ 535 Death Penalty, ☐ 540 Mandamus/Other, ☐ 550 Civil Rights, ☐ 555 Prison Condition

FORFEITURE / PENALTY: ☐ 610 Agriculture, ☐ 620 Other Food & Drug, ☐ 625 Drug Related Seizure of Property 21 USC 881, ☐ 630 Liquor Laws, ☐ 640 R.R. & Truck, ☐ 650 Airline Regs, ☐ 660 Occupational Safety /Health, ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act, ☐ 720 Labor/Mgmt. Relations, ☐ 730 Labor/Mgmt. Reporting & Disclosure Act, ☐ 740 Railway Labor Act, ☐ 790 Other Labor Litigation, ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS: ☐ 820 Copyrights, ☐ 830 Patent, ☐ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff), ☐ 862 Black Lung (923), ☐ 863 DIWC/DIWW (405(g)), ☐ 864 SSID Title XVI, ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant), ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:**   Case Number: **SACV12 - 01770 CJC (ANx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date October 12, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA


**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**


This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

### SACV12- 1770 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.


All discovery related motions should be noticed on the calendar of the Magistrate Judge


========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501


Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY